NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAUDIA DEVITO,<br><br>                      Plaintiff,<br><br>v.<br><br>ZUCKER, GOLDBERG & ACKERMAN, LLC, et al.,<br><br>                      Defendants. | Civil Action No. 11-3773 (SDW) (MCA)<br><br>OPINION<br><br>February 29, 2011 |

**WIGENTON**, District Judge.

Before the Court is a motion to dismiss the complaint of plaintiff Claudia Devito ("Plaintiff") against defendant Zucker, Goldberg & Ackerman, LLC ("Defendant") pursuant to Federal Rules of Civil Procedure 12(b)(6) ("Motion to Dismiss"). Plaintiff filed a memorandum of law opposition to Defendant's Motion to Dismiss and in support of Plaintiff's cross-motion for leave to amend complaint pursuant to Federal Rule of Civil Procedure 15(a) ("Cross Motion to Amend").

This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

This Court, having considered the parties' submissions, decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated below, this Court **DENIES** Defendant's Motion to Dismiss.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff allegedly incurred a debt that would fall under 15 U.S.C. § 1692(a)(5) for abusive and unfair debt collection practices in violation of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e.  (Compl. ¶¶ 5, 8).

On July 2, 2010, Defendant sent a Notice of Intention to Foreclose ("NOIF") to Plaintiff in connection with a mortgage given to Plaintiff. (*See* Compl. Ex. A).

On or about July 23, 2010, Plaintiff sent a letter to Defendant disputing the debt and requesting validation ("July 23, 2010 Letter"). (*See* Compl. Ex. B).[1]

On June 30, 2011, Plaintiff filed a complaint with this Court alleging unfair debt collection practices by Defendant in violation of the FDCPA ("Complaint").  Plaintiff claims that almost a year went by and she was not mailed verification by Defendant regarding the alleged debt. (Compl. ¶ 16.)

On August 16, 2011, Defendant filed the instant Motion to Dismiss.  On September 19, 2011, Plaintiff filed the Cross Motion to Amend.

**LEGAL STANDARD**

The adequacy of pleadings is governed by Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief."  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted) ("Rule 8(a)(2) still requires a 'showing' rather than a

---

[1] This letter is referred to as dated "July 26, 2010" in the Complaint and was allegedly sent via certified mail. (Compl. ¶ 13.)

blanket assertion, of an entitlement to relief." *Bell Atl. Corp.* at 1965 n. 3); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).  As the Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 1949 (citations omitted) (quoting *Twombly*, 550 U.S. at 556–57, 570).  Determining whether allegations in a complaint are plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the court must grant a motion to dismiss for failure to show that the pleader is entitled to relief as required by Rule 8(a)(2). *Id.*

**DISCUSSION**

The FDCPA, 15 U.S.C. § 1692e, states generally that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The statute also specifically states that "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney" or "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken" constitute violations of the FDCPA. *See Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 234-36 (3d Cir. 2005). Section 1692f(6) provides debt collector may not use "unfair or unconscionable means" to collect, and the following conduct violates the statute:

> Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if -
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> (B) there is no present intention to take possession of the property; or
> (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6).

In *Lesher v. Law Offices of Mitchell N. Kay, P.C.*, 650 F.3d 993 (3d Cir. 2011), the Third Circuit discussed precedential opinions regarding the general prohibition against false and misleading representations in the FDCPA. *See* 15 U.S.C. § 1692e. The *Lesher* court cited *Brown v. Card Serv. Ctr.*, 464 F.3d 450 (3d Cir. 2006), in which the Third Circuit stated that even a collection letter stating that a lawsuit "could" be filed can be considered deceptive and misleading if the lender were trying "to assert that it could take an action that it had no intention of taking and has never or very rarely taken before." *Id.* at 454-555. The *Lesher* court also stated that "we analyze communications from lenders to debtors from the perspective of the 'least

4

sophisticated debtor.'" *Id.* at 454.[2]  The court in *Rosenau v. Unifund Corp.*, 539 F.3d 218 (3d Cir. 2008) further held that "a debtor receiving [a] letter [from a debt collector using the heading 'Unifund Legal Department'] might reasonably infer that it was from an attorney even though it was not."  The *Rosenau* court held that the categories of debt collector and attorney are not mutually exclusive.  *Id.*  As the letter in *Lesher* had no disclaimer at all, the Third Circuit granted summary judgment to the borrower on his § 1692e claim.  *Lesher*, 650 F.3d at 1003-04.

Courts in other circuits have also reviewed these types of matters, and although not binding, the decisions are instructive.  The Second Circuit in *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir.1993), held that "the use of the attorney's letterhead and his signature on the collection letters was sufficient to give the debtor the false impression that the letters were communications from an attorney" and thus violate § 1692e. *Lesher*, 650 F.3d at 999.  Later, in *Greco v. Trauner, Cohen & Thomas, LLP*, before the Second Circuit, a disclaimer naming the lender and noting the extent of the law firm's involvement is enough to prevent the letter from being false, deceptive, or misleading.  *Lesher*, 650 F.3d at 1000-01 (citing *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360 (2d Cir. 2005)).  In a similar case, the Fifth Circuit reversed a grant of a motion to dismiss for failure to state a claim because unlike in *Greco*, the disclaimer was placed on the back of the letter sent to the borrower.  *Gonzalez v. Kay*, 577 F.3d 600 (5th Cir. 2009).

In the instant matter, Defendant argues that the NOIF was in compliance with the FDCPA and the New Jersey's Fair Foreclosure Act ("FFA").[3]  Plaintiff argues that Defendant served as a "debt collector" as defined in 15 U.S.C. § l692a(6), and further, the NOIF does not

---

[2] "Importantly, whether the least sophisticated debtor would be misled by a particular communication is a question of law that may be resolved in a Rule 12(b)(6) motion." *Smith v. Lyons, Doughty & Veldhuius, P.C.*, 2008 WL 2885887, at *3 (D.N.J. 2008).
[3] N.J.S.A. 2A:50-56(c)(11) of the FFA requires, among other items, that the NOIF indicate: "the name and address of the lender and the telephone number of a representative of the lender whom the debtor may contact if the debtor disagrees with the lender's assertion that a default has occurred or the correctness of the mortgage lender's calculations of the amount required to cure the default."

5

clearly indicate the identity of the creditor on its face as required by the FDCPA.[4] (*See* Compl. Ex. A; *see also* 15 U.S.C. § 1692(g)). Thus, Plaintiff argues Defendant "failed to strictly comply with the requirements of said subsection and therefore, is clearly in violation of 15 U.S.C. §1692g(a)(2)." (Pl.'s Opp'n Br. 10.)

Defendant argues that in the July 23, 2010 Letter, Plaintiff refers to "Saxon", clearly indicating that the identity was known to her, and merely disputes only the *amount* allegedly owed. (Def.'s Br. 11.) Defendant also asserts that "A close review of the [NOIF] shows that it speaks in terms of possible, but not absolute conduct." (*Id.* at 8.) Plaintiff wrote specifically seeking the name of the creditor for the alleged debt in the July 23, 2010 Letter. Plaintiff does refer to "Saxon" in her July 23, 2010 Letter, but argues "Saxon" is merely the mortgage servicer and Plaintiff still sought the identity of the creditor to whom the debt is owed pursuant to the FDCPA. Further, Plaintiff argues Defendant threatened conduct not intended to be taken. (*See* Compl. ¶ 21.)

Based on these circumstances and applicable case law, Plaintiff may be able to amend her claim so that it is not futile, and will be given the opportunity to do so. (*See* Fed. R. Civ. P. 15(a).) Plaintiff is granted thirty (30) days from the date of this opinion to amend the Complaint.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED** and Plaintiff's Cross Motion to Amend is **GRANTED**.

s/Susan D. Wigenton, U.S.D.J.

Orig:  Clerk
Cc:    Madeline Cox Arleo, U.S.M.J.
       Parties

---

[4] The exhibit before the Court contains redactions and it is unclear if the sentence within the NOIF stating: "If your account is not brought current by August 2, 2010, then may start [sic] mortgage foreclosure proceedings, which will cause you to lose your property" contained additional information. (Compl. Ex. A.)