## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAUDIA DEVITO, <br><br> Plaintiff, <br><br> v. <br><br> ZUCKER, GOLDBERG & ACKERMAN, LLC, <br><br> Defendant. | Civil Action No. 2:11-CV-03773 (SDW/MCA) <br><br><br> ELECTRONICALLY FILED <br><br> Motion Return Date:  June 18, 2012 |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT, ZUCKER, GOLDBERG & ACKERMAN, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Connell Foley LLP
Attorneys for Defendant,
Zucker, Goldberg & Ackerman, LLC
85 Livingston Avenue
Roseland, New Jersey  07068
(973) 535-0500

*Of Counsel*:
Karen Painter Randall, Esq.

*On the Brief*:
Andrew C. Sayles, Esq.
Steven A. Kroll, Esq.

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT .................................................................................... 1

RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE ............................................................................................................... 4

LEGAL ARGUMENT ............................................................................................... 6

POINT I
PLAINTIFF'S OPPOSITION FAILS TO ADDRESS ANY OF THE LEGAL ARGUMENTS CONTAINED IN ZGA'S MOTION TO DISIMSS PLAINTIFF'S AMENDED COMPLAINT, THUS, ANY OPPOSITION TO SAME SHOULD BE DEEMED WAIVED .......................................................... 6

POINT II
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE IT IS BASED SOLELY UPON THE INSUFFICIENT AND UNSUPPORTED ALLEGATIONS CONTAINED IN THE AMENDED COMPLAINT. ............................................. 8

A.   Legal Standard ......................................................................... 8

B.   Plaintiff Has Not Alleged Any Claim Against ZGA Under §1692g(a)(2) ................... 9

C.   Plaintiff Has Not Alleged Any Claims Against ZGA Under §§1692e(5), 1692e(10), or 1692f ............................................................ 12

1.   Plaintiff's alleged claim under §1692e(5) .......................... 12

2.   Plaintiff's alleged claim under § 1692e(10) ........................ 14

3.   Plaintiff's alleged claim under § 1692f ............................... 15

D.   The Granting of Partial Summary Judgment is Premature ........................... 16

CONCLUSION ....................................................................................................... 18

2720902-01

# TABLE OF AUTHORITIES

*Cases*

Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364 (3d Cir. 2011 ...................................... 9

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ................................................................. 8

Brenner v. Twp. of Moorestown, No. 09-219, 2011 U.S. Dist. LEXIS
    52760, 2011 WL 1882394, at *11 (D.N.J. May 17, 2011) ........................................ 6

Brown v. Card Serv. Ctr., 464 F.3d 450 (3d Cir. 2006) ............................................................. 10

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ............................................................................. 8

Doe v. Abington Friends School, 480 F.3d 252 (3d Cir. 2007) .................................................. 16

Egersheim v. Gaud, No. 07-5116, 2012 U.S. Dist. LEXIS 8104 at *8
    (D.N.J. Jan. 24, 2012) .......................................................................................... 6

Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991) ......................................................... 10

Hancock Indus. v. Schaeffer, 811 F.2d 225 (3d Cir. 1987) ........................................................ 8

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106
    S. Ct. 1348, 89 L. Ed. 2d 538 (1986) ...................................................................... 8

Oppong v. First Union Mortgage Corporation, 326 Fed. App. 663 (3d Cir.
    2009) .................................................................................................................... 10

Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231 (3d Cir. 1995) ............................................... 8

Rosenau v. Unifund Corp., 539 F.3d 218 (3d. Cir. 2008) ......................................................... 10

U.S. Bank N.A. v. Guillaume, 209 N.J. 449 (2012) .................................................................. 14

Wilson v. Quadramed Corp., 225 F.3d 350 (3d Cir. 2000) ....................................................... 10

*Statutes*

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ................................................................. 1

*Rules*

FED. R. CIV. P. 56 (2012) ............................................................................................................ 8

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 1

## PRELIMINARY STATEMENT

In an attempt to circumvent her clear and unambiguous home loan obligations, Plaintiff, Claudia Devito ("Plaintiff") alleges that conduct taken by Defendant Zucker Goldberg & Ackerman, LLC ("ZGA") on behalf of the secured lender and in accordance with applicable New Jersey law violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Despite being permitted the "opportunity…to amend her claim so that it is not futile", Plaintiff's Amended Complaint has done nothing to lend any support to any claim under the FDCPA, or provide any new factual allegations surrounding this case. As an initial matter, Plaintiff's Opposition to ZGA's Motion to Dismiss, found at Point II of her Memorandum Law, merely states the legal standard for granting a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), without addressing any of the case law and legal arguments raised in ZGA's original moving papers. Therefore, any opposition to same should be deemed waived, and ZGA's Motion should be considered as unopposed. To the extent the Court considers Plaintiff's two (2) page Opposition to be sufficient, similar to her Amended Complaint, it merely offers labels, conclusions and a formulaic recitation of the elements for a violation under the FDCPA without anything more. Thus, because Plaintiff's Amended Complaint has now failed for a second time to plead a sufficient cause of action for a violation of the FDCPA against ZGA, it should be dismissed with prejudice.

Despite Plaintiff's inability to plead a sufficient cause of action under the FDCPA against ZGA, she has now decided to move for Partial Summary Judgment as to liability relying entirely upon said inadequate pleadings. When taking the baseless allegations in Plaintiff's Amended Complaint, in conjunction with viewing all of the facts in light most favorable to the ZGA, giving them the benefit of all reasonable inferences, it is apparent that Plaintiff has not established that she is entitle to Partial Summary Judgment, let alone the survival of her own

1

Amended Complaint.  With regard to any alleged violation under § 1692g(a)(2), Plaintiff does not and cannot dispute that she was aware of the name of the creditor to whom the debt was owed, or that she was confused, deceived or misled by the July 2, 2010 Notice of Intention to Foreclose ("NOI") sent by ZGA.  In fact, her own correspondence disputing the debt confirmed that she was adequately informed of the creditor as she specifically identified the creditor by name.  See Amended Complaint, Ex. B.  Thus, even applying the "least sophisticated consumer" standard, there is no dispute that Plaintiff was on notice of the creditor's identity, or that she was somehow confused, deceived, or misled by the NOI, necessary allegations for her FDCPA claim.  This is further evidenced by Plaintiff's failure to submit an affidavit with her Cross-Motion for Partial Summary Judgment affirming to same.

With regard to the remaining alleged violations of the FDCPA, once again Partial Summary Judgment is also inappropriate, and, in fact, further demonstrates why Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.  Plaintiff clumps the remaining violations (15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f) into one point heading, approximately two (2) pages long, and merely restates the allegations contained in her Amended Complaint without citing to any case law or facts to support said claims.  More importantly, as mentioned above, Plaintiff has failed to address any of the arguments raised in ZGA's initial moving papers regarding why the alleged violation of the aforementioned sections of the FDCPA should be dismissed.  Therefore, any opposition to dismissing these claims should be deemed waived and unopposed.

Lastly, it must be noted that Plaintiff has provided no affidavit in support of the motion for partial summary judgment and relies on a non-verified pleading and references to exhibits that have not been established or confirmed as a basis for her claim for relief.  Accordingly,

setting aside the deficient arguments concerning her dispositive motion, Plaintiff has not provided any reliable or admissible documents sufficient to support or warrant summary judgment.

In sum, Plaintiff has now had the benefit of a second opportunity to amend her Complaint from being futile.  Moreover, Plaintiff has had the luxury of having her initial Complaint's defects and weakness pointed out to her by ZGA's first Motion to Dismiss.  Despite same, Plaintiff still cannot plead a sufficient cause of action under any provision of the FDCPA against ZGA.  Rather than attempt to oppose any of the sound legal arguments raised by ZGA in their initial moving papers, Plaintiff has decided to waste both the parties and the Court's time by filing a Cross-Motion for Partial Summary Judgment, which merely parrots her Amended Complaint.  This is despite the fact that ZGA has moved to dismiss in lieu of an Answer and despite the fact that no discovery whatsoever has been conducted to support Plaintiff's dispositive application.   Even assuming, *arguendo*, that ZGA's Motion to Dismiss the Amended Complaint was denied, filing a Cross-Motion for Summary Judgment at this juncture is clearly premature.  At the very least the parties would need to engage in discovery to demonstrate that Plaintiff was aware of the identity of her creditor, and not misled, confused or deceived by the NOI sent by ZGA.

## RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

For the sake of brevity, ZGA hereby adopts and incorporates by reference herein the Statement of Facts and Declaration of Andrew C. Sayles, Esq. ("Sayles Decl.") and all Exhibits annexed to and referenced in ZGA's Motion to Dismiss Plaintiff's Amended Complaint.  ZGA responds to Plaintiff's Statement of Material Facts Not in Dispute as follows:

1. Admit

2. Deny.  The NOI provided an outstanding amount owed and a specific loan number - information that allowed Plaintiff to identify the name of the creditor to whom the debt was owed as evidenced by her July 23, 2010 letter to ZGA wherein she identified name of the creditor as Saxon.

3. Deny.  The July 2, 2010 Notice of Intention to Foreclose ("NOI") provided an outstanding amount owed and a specific loan number - information that allowed Plaintiff to identify the name of the credit to whom the debt was owed as evidenced by her July 23, 2010 letter to ZGA wherein she identified name of the creditor as Saxon.

4. Deny.  This is an allegation contained in Plaintiff's Amended Complaint, which has not been proven.

5. Deny.  The Hon. Susan D. Wigenton, U.S.D.J.'s February 29, 2012 Order and Decision denied ZGA's Motion to Dismiss without prejudice.  Judge Wigenton's Decision made no findings of facts or legal determinations other than permitting Plaintiff the "opportunity…to amend her claim so that it is not futile."   See ZGA's Motion to Dismiss Amended Complaint; Sayles Decl., Ex. C at 6.

6. Admit.

7.  Admit.

8.  Deny.  This is an allegation contained in Plaintiff's Amended Complaint, which
    has not been proven.

9.  Deny.  This is an allegation contained in Plaintiff's Amended Complaint, which
    has not been proven.

10. Deny.  This is an allegation contained in Plaintiff's Amended Complaint, which
    has not been proven.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF'S OPPOSITION FAILS TO ADDRESS ANY OF THE LEGAL ARGUMENTS CONTAINED IN ZGA'S MOTION TO DISIMSS PLAINTIFF'S AMENDED COMPLAINT, THUS, ANY OPPOSITION TO SAME SHOULD BE DEEMED WAIVED

Plaintiff's Opposition to ZGA's Motion to Dismiss is found at Point II of her Memorandum of Law.  A review of Plaintiff's Opposition shows that it clearly fails to address any of the legal arguments raised by ZGA in its initial moving papers, and, thus, any opposition to same should be deemed waived.  See Brenner v. Twp. of Moorestown, No. 09-219, 2011 U.S. Dist. LEXIS 52760, 2011 WL 1882394, at *11 (D.N.J. May 17, 2011) (recognizing that a party's "failure to respond to" the opposing party's arguments on summary judgment "constitutes an abandonment of these cause of action and essentially acts as a waiver of these issues.") (citations and internal quotations omitted); See Egersheim v. Gaud, No. 07-5116, 2012 U.S. Dist. LEXIS 8104 at *8 (D.N.J. Jan. 24, 2012) ("Plaintiffs' failure to oppose Defendants' legal arguments must be construed as a concession regarding Defendants' arguments of law").  In fact, Plaintiff's Opposition spends the majority of its two (2) paragraphs discussing the legal standard for granting a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6).  While ZGA does not dispute the legal standard cited by Plaintiff, it is evident that Plaintiff's Opposition does nothing more than take said standard and argue, without addressing any of the sound arguments contained in ZGA's initial moving papers, that Plaintiff's Amended Complaint has fulfilled same.  Therefore, this should constitute an abandonment of her claims and essentially act as of waiver on these issues.

A review of Plaintiff's Opposition shows that it contains only the following unavailing and unsupported arguments:

- "The allegations provided in the amended complaint raise Plaintiff's right to relief above the speculative legal necessary to avoid dismissal"

- "The amended Complaint does more than just merely recite or list the statutory elements.  It applies the required elements for a violation to the facts of the case."

- "In addition, specific subsections of the violation are given, and the offending communication is attached."

- "The offending communicating's lack of compliance with the statutory requirement is clear and is referred to in the amended Complaint."

[Plaintiff's Memorandum of Law in Support of Cross-Motion at 13.]

As one can see, Plaintiff has provided no factual basis, has not identified allegations within her pleading and has not identified any case law to support any of the claims raised in the Amended Complaint.  Moreover, what is still not "clear" is how the single communication sent by ZGA to Plaintiff, via the NOI, violated the FDCPA or any other applicable law.  As set forth in ZGA's initial moving papers and discussed in greater detail in Point II of this Brief, the Amended Complaint, and now Plaintiff's Opposition, amounts to nothing more than a formulaic recitation of the partial elements of certain causes of action, composed of labels and conclusions which fail to properly identify the grounds for Plaintiff's entitlement to the relief sought. Plaintiff's Amended Complaint, therefore, fails to allege any facts that would support claims against ZGA under the FDCPA, and should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6).

## POINT II

**PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE IT IS BASED SOLELY UPON THE INSUFFICIENT AND UNSUPPORTED ALLEGATIONS CONTAINED IN THE AMENDED COMPLAINT.**

**A.     Legal Standard**

A court should grant summary judgment under Federal Rule of Civil Procedure 56(c) only if the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials" shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56 (2012).  The moving party bears the initial burden of proving there is no genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once this showing is made, the burden shifts to the nonmoving party, who must set forth specific facts and make an affirmative showing that a genuine issue of material fact exists.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

Furthermore, when determining whether an issue is "genuine," the court looks at whether "it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor."  Anderson, supra, 477 U.S. at 248.  A fact is considered "material" "if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit."  Id.  In

considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence is to be believed and all justifiable inferences are to be drawn in his favor. Anderson, supra, 477 U.S. at 255.

In the case at bar, the only document on the record before the Court is the unverified Amended Complaint and unauthenticated attached Exhibits. For the reasons discussed below, taking the baseless and conclusory allegations contained in Plaintiff's Amended Complaint, in conjunction with viewing all of the facts in a light most favorable to the ZGA, giving them the benefit of all reasonable inferences, Plaintiff cannot established that she is entitle to Partial Summary Judgment as to liability, let alone the survival of her own Amended Complaint.

## B.   Plaintiff Has Not Alleged Any Claim Against ZGA Under §1692g(a)(2)

Plaintiff's Cross-Motion for Partial Summary Judgment argues that the FDCPA is applied as a strict liability statute, therefore, ZGA's failure to expressly state the name of the creditor to whom the debt was owed in the NOI constitutes a violation of 1692g(a)(2). However, while the FDCPA is often applied as a strict liability statute, nowhere within its confines does the legislation expressly state that it is a strict liability statute. Rather, courts have interpreted certain provisions within the FDCPA to apply strictly. For example, the Third Circuit recently found that a claim involving section 1692f(1), prohibiting attempts to collect amounts not authorized by law or agreement, shall be applied strictly without regard to the recipients confusion. See Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011). Section 1692g(a)(2) requires a debt collector to provide information to a debtor that would, among other things, allow her to identify the amount owed and the creditor and, therefore, requires consideration of the subject communication and the debtor's circumstances to determine whether she was confused,

deceived or misled.  Unlike provisions such as § 1692f(1)[1], which focuses on the conduct of the debt collector and are therefore applied without regard to the debtor, section 1692g(a)(2) focuses on both conduct by the debt collector and the debtor.  See Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991) (holding that claims involving statutory notice under the FDCPA must be interpreted under the least sophisticated consumer standard).

Congress enacted the FDCPA to eliminate abusive, deceptive, and unfair debt collection practices by ensuring that debt collectors provide consumers with timely and adequate notice of their legal rights.  Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000) (emphasis added).  Moreover, any claim under the FDCPA is judged from the "least sophisticated consumer" standard.  Although this is a low standard, it nonetheless "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d. Cir. 2008), quoting, Wilson v. Quadramed Corp., supra, 225 F.3d at 335.  Further, only where a communication or conduct by a debt collector would deceive, mislead or confuse a "least sophisticated consumer" can a violation of the FDCPA exist.  Brown v. Card Serv. Ctr., 464 F.3d 450, 453-454 (3d Cir. 2006).  When the validation notice is straightforward, and not confusing or misleading, it satisfies the objective of the "least sophisticated consumer" standard.  See Oppong v. First Union Mortgage Corporation, 326 Fed. App. 663, 666 (3d Cir. 2009).

Here, Plaintiff's Amended Complaint does not allege that Plaintiff did not receive adequate notice of her legal rights in connection with the NOI, which is the focus of the

---

[1] Section 1692f(1) focuses entirely on whether the debt collector collected an amount not authorized by law or agreement.  There is no subjective component to this assessment which would require an assessment of confusion by a debtor.

FDCPA's notice requirement.  See Graziano, 950 F.2d at 111 (noting that "statutory notice must not only explicate a debtor's rights; it must do se effectively").  Rather, without any claim that she was confused as to her rights, Plaintiff instead argues only that because the name of the creditor was not expressly stated in the NOI, ZGA violated the FDCPA's notice provisions.  However, as her own pleading confirms, Plaintiff, even as a least sophisticated consumer, was clearly aware of the identity of the lender.  Attachments to Plaintiff's Amended Complaint reflect that she did in fact know the identity of the lender and creditor at issue upon receipt of the NOI.  In Plaintiff's July 23, 2010 letter to ZGA she states that she "dispute[s] the amount **Saxon** claims I owe on loan # [redacted]."  See Amended Complaint, Ex. B (emphasis added).  This letter not only identifies the lender, Saxon, but further indicates that Plaintiff does not dispute that a debt is owed, only the "amount" allegedly owed.  That amount was expressly identified in ZGA's NOI.  Additionally, it should be noted that the NOI provided an outstanding amount owed and a specific loan number - unique information that certainly allowed for Plaintiff to determine whether the debt in question was her debt.  See ZGA's Motion to Dismiss the Amended Complaint; Sayles Decl., Ex. B.   While Plaintiff has conveniently redacted the July 23, 2010 letter to ZGA to omit its loan number, the fact that she identified the lender by name in her letter demonstrates that she was provided with sufficient information to allow her to ascertain the identify of the lender.

Furthermore, what is even more telling is that there is no affidavit submitted by the Plaintiff herself in support of her Cross-Motion for Partial Summary Judgment affirming to the fact that she could not identify the lender, or that she was somehow misled, confused, or deceived by the NOI.  Thus, the only evidence to support this assertion is the unverified, conclusory allegations contained in Plaintiff's Amended Complaint.  Therefore, even when

applying the "least sophisticated consumer" standard, there is no dispute that ZGA's NOI provided sufficient information to Plaintiff such that she was aware of the creditor's identity upon receipt of the communication, and because Plaintiff has failed to allege any confusion, deceit, or being misled by the NOI, Plaintiff's Amended Complaint cannot sustain any claim against ZGA under §1692g(a)(2), let alone Partial Summary Judgment.  See Graziano, 950 F.2d at 111.

**C.      Plaintiff Has Not Alleged Any Claims Against ZGA Under §§1692e(5), 1692e(10), or 1692f**

As mentioned above, Plaintiff's Cross-Motion for Partial Summary Judgment fails to address any of the well-reasoned legal arguments cited in ZGA's initial moving papers with regard to a dismissal of the claims under §§ 1692e(5), 1692e(10), and 1692f.  Therefore, as an initial mater, any opposition to the dismissal of the aforementioned claims should be deemed waived.  Even assuming, *arguendo*, that the brief and unavailing arguments raised in Point I, B of Plaintiff's request for Partial Summary Judgment constitute a sufficient opposition, same still fails to show how ZGA violated any of the above provisions of the FDCPA.

**1.      Plaintiff's alleged claim under §1692e(5)**

With regard to § 1692e(5), Plaintiff improperly and without legal justification construes the issuance of the NOI as a threat to take legal action which ZGA never intended to take, in violation of section 1692e(5).  These claims ignore that the NOI is a notice that must be issued under existing New Jersey law.  Specifically, the NOI exists as a procedural condition precedent to the filing of any foreclosure action in New Jersey.  Among its intended purposes is to allow a debtor to take steps to prevent or avoid foreclosure.  To allow Plaintiff to now maintain a claim under section 1692e(5) because a foreclosure action has not been commenced after issuance of the NOI would effectively amount to a finding that New Jersey's Fair Foreclosure Act ("FFA")

and its corresponding NOI requirements under <u>N.J.S.A.</u> 2A:50-56(c) constitute a violation of §1692e(5).

Plaintiff alleges that ZGA violated § 1692e(5), which prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken," by issuing the NOI and subsequently failing to foreclose.  <u>See</u> Amended Complaint, ¶ 21.  In an empty attempt to plead the lack of intent by ZGA sufficient to violate section 1692e(5), Plaintiff argues that the NOI was not in strict compliance with the FFA, which would have precluded the filing of any foreclosure complaint, that ZGA new of such alleged deficiencies and therefore knew that it would not be able to commence a foreclosure action.   <u>Id</u>. at ¶¶26-28.  However, Plaintiff does not dispute that she is in default on the subject mortgage and loan, or that a foreclosure action could have been legally taken.  Moreover, even if the NOI were deficient in some nature, an issue that ZGA disputes, New Jersey case law is clear that any such deficiency would not preclude the filing of a foreclosure action.

Other than insisting that ZGA threatened to take action they did not intend to take, neither Plaintiff's Amended Complaint or her Cross-Motion has addressed any of the following arguments:  First, Plaintiff does not dispute that the NOI generated by ZGA was issued pursuant to New Jersey's FFA.  Second, Plaintiff does not explain how the absence of a foreclosure action commenced against her equates to ZGA threatening to take conduct that was never intended to take.   Third, Plaintiff suggests that a foreclosure would not be advisable because the NOI failed to comply with New Jersey's FFA, and, therefore, ZGA knew or should have known it was deficient and could not foreclose.   <u>See</u> Amended Complaint, ¶¶26-28.   Even assuming, *arguendo*, that ZGA did not strictly comply with the NOI, such deficiencies do not preclude the commencement of a foreclosure action based upon a non-compliant NOI.  As stated in our initial

13

brief, New Jersey's Supreme Court recently clarified that where a NOI did not comply with the FFA, any resulting consequences and available remedies are to be addressed by the trial court presiding over the foreclosure proceeding once it is filed.  See U.S. Bank N.A. v. Guillaume, 209 N.J. 449 (2012).  Fourth, Plaintiff does not dispute that the foregoing argument ignores that the fact that the plain language of the NOI does not support Plaintiff's section 1692e(5) claim.  The NOI itself says that ZGA "**may** start foreclosure proceedings" if the mortgage is not current and offers Plaintiff an opportunity to cure default to head off such measures.  See Amended Complaint, Ex. A. (emphasis added).  At no point does the NOI indicate that future litigation is impending and unavoidable.  Rather, the NOI contains statutorily mandated language as to the consequences of a debtor's default on a secured loan.  Lastly, Plaintiff cannot dispute the time period in which a foreclosure complaint could be commenced and there is no case law allowing claims under section 1692e(5) for failure to proceed with a foreclosure complaint after issuance of a NOI.

Therefore, Plaintiff's Amended Complaint cannot sustain a claims under § 1692e(5), let alone Partial Summary Judgment.

### 2.    Plaintiff's alleged claim under § 1692e(10)

Plaintiff seeks Partial Summary Judgment for a violation of § 1692e(10).  However, as mentioned in our initial moving papers, Paragraph 29 of the Amended Complaint simply alleges that ZGA violated § 1692e(10) of the FDCPA without any effort to allege or identify facts to support such a claim.  While the Amended Complaint alleges that the NOI was non-compliant with the FFA, it does not allege at any point that the NOI falsely represented information concerning the debt or otherwise deceived Plaintiff.  In fact, the Amended Complaint is completely silent with respect to Plaintiff's default on the subject debt, including an absence of any denial by Plaintiff that she was in default, or that the amount identified by ZGA was not

accurate.  Thus, although she alleges non-compliance with the FFA, Plaintiff has not alleged any

misrepresentation or deceptive act by ZGA associated with the NOI.[2]  Furthermore, Plaintiff has

submitted no affirmation to support these claims.  Without such allegations, Plaintiff cannot

sustain a claims under § 1692e(10), let alone Partial Summary Judgment.

### 3.       Plaintiff's alleged claim under § 1692f

Similar to Paragraph 29 of the Amended Complaint, Paragraph 30 merely asserts that

ZGA violated § 1692f of the FDCPA without any effort to allege or identify facts to support such

claims.  Section 1692f of the FDCPA is entitled "Unfair Practices" and prohibits the use of

"unfair or unconscionable means to collect or attempt to collect a debt".  See 15 U.S.C. § 1692f.

Although admittedly not an exhaustive list, section 1692f identifies eight (8) examples of

conduct that falls within the concept of "unfair" and "unconscionable".  Applying the eight (8)

examples to the case at bar, the Amended Complaint does not allege: (1) that ZGA collected an

amount not authorized by law; (2,3,4) any misconduct concerning post-dated checks; (5) that

ZGA caused Plaintiff to incur undue costs for communications; (6) that ZGA took or threatened

to take non-judicial action concerning her property; (7) that ZGA otherwise improperly

communicated with Plaintiff by post card; or (8) that ZGA used any language or symbol on the

envelope when communicating with Plaintiff by mail.  See 15 U.S.C. § 1692f(1)-(8).

Such conduct composes what Congress deems to be violations of § 1692f.  Here,

Plaintiff's Amended Complaint, and now Cross-Motion for Partial Summary Judgment, is

wholly devoid of any corresponding allegation or effort to describe how ZGA's issuance of the

NOI fell within the class of unfair or unconscionable activities described above.  The only

allegation as to this claim is that ZGA violated section 1692f by "sending to Plaintiff a deficient

---

[2] To the extent she relies upon the same logic concerning her claims under section 1692e(5),
those arguments fail for the reasons addressed above.

[NOI], which fails to strictly comply with [the FFA]".  See Amended Complaint, ¶30; Plaintiff's Memorandum of Law in Support of Cross-Motion at 10.  This is the exact sort of pleading practice prohibited by Fed. R. Civ. P. 12(b)(6).  Plaintiff has simply identified a provision of the FDCPA and alleged that ZGA violated same without any effort to explain how ZGA's conduct constituted an actual violation of § 1692f.[3]  The mere recitation of elements and legal conclusions without actual explanation and details is insufficient to avoid dismissal for failure to state a claim under § 1692f, let alone Partial Summary Judgment.

**D.    The Granting of Partial Summary Judgment is Premature**

"[B]y its very nature, the summary judgment process presupposes the existence of an adequate record."  Doe v. Abington Friends School, 480 F.3d 252, 257 (3d Cir. 2007).  As the Supreme Court explained, "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, supra, 477 U.S. at 322 (emphasis added).  Therefore, "[i]f discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the Motion.  Abington, supra, 480 F.3d at 257.

Here, as discussed at length above and in ZGA's initial moving papers, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted as to any of the claimed violations of the FDCPA against ZGA.  As ZGA's application is properly limited to the pleadings, dispositive relief is appropriate at this time.  Conversely, as it relates to Plaintiff's cross-motion for summary judgment, and assuming, arguendo, that the Court finds the Amended Complaint to be sufficiently plead, ZGA should be afforded the opportunity to perform discovery

---

[3] This is not merely a stylistic component of the pleadings either as Plaintiff identified specific subsections of other provisions of the FDCPA  -  §§ 1692g(a)(2), 1692e(5), 1692e(10) - which she alleges ZGA violated.

on Plaintiff, including Plaintiff's ability to discern the identity of creditor and whether she was actually confused, misled, or deceived by the NOI sent by ZGA.  Of note, glaringly missing from Plaintiff's Cross-Motion for Partial Summary Judgment is a sworn affidavit submitted by Plaintiff to said effect.  In fact, as mentioned above, the only record before the Court contains the baseless and meritless allegations in Plaintiff's unverified Amended Complaint and the unauthenticated Exhibits attached thereto.  Moreover, while for purposes of the Motion to Dismiss only, ZGA agreed that they received Plaintiff's response to the NOI, in the event that ZGA's Motion is denied this is also an issue of fact that must be proven.[4]  Therefore, Plaintiff's Cross-Motion for Partial Summary Judgment as to liability should be denied.

---

[4] See ZGA's Initial Brief, p. 5, footnote 3.

## <u>CONCLUSION</u>

For all of the foregoing reasons, Defendant, Zucker Goldberg & Ackerman, LLC's Motion to Dismiss should be granted and Plaintiff's Amended Complaint should be dismissed with prejudice against Zucker, Goldberg & Ackerman, LLC.   In addition, Plaintiff's Cross-Motion for Partial Summary Judgment should be denied in its entirety.

CONNELL FOLEY LLP
Attorneys for Defendant,
Zucker, Goldberg & Ackerman, LLC

BY:   */s/ Andrew C. Sayles*
Andrew C. Sayles, Esq.

DATE:   June 11, 2012

18