UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAUDIA DEVITO,<br><br>                              Plaintiff,<br><br>            v.<br><br>ZUCKER, GOLDBERG & ACKERMAN,<br>LLC, et al.,<br><br>                              Defendants. | Civil Action No. 11-3773 (SDW)<br><br>**OPINION**<br><br>November 7, 2012 |

**WIGENTON**, District Judge.

Before the Court is Zucker, Goldberg & Ackerman, LLC's ("Defendant") Motion to Dismiss the Amended Complaint ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6) and Claudia Devito's ("Plaintiff") Cross Motion for partial Summary Judgment ("Cross Motion") pursuant to Federal Rule of Civil Procedure 56. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated below, this Court **GRANTS**, in part, Defendant's Motion with respect to alleged violations of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(5), 1692e(10), and 1692f, and **DENIES**, in part, Defendant's Motion with respect to the alleged violation of FDCPA § 1692g(a)(2). Additionally, the Court **DENIES** Plaintiff's Cross Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff allegedly incurred a debt for a second mortgage. (Am. Compl. ¶¶ 8-9; Def's Br. 1.) On July 2, 2010, Defendant sent a Notice of Intention to Foreclose ("NOI") to Plaintiff in connection with the second mortgage. (See Am. Compl. Ex. A.) On or about July 23, 2010, Plaintiff sent a letter to Defendant disputing the debt and requesting a validation ("July 23, 2010 Letter"). (See Am. Compl. ¶¶ 14-16; Am. Compl. Ex. B.) Plaintiff claims that almost a year went by and Defendant had not mailed her any verification of the alleged debt. (Am. Compl. ¶ 17.)

On June 30, 2011, Plaintiff filed suit against Defendant alleging abusive and unfair debt collection practices in violation of the FDCPA. On February 29, 2012, this Court denied Defendant's Motion to Dismiss and granted Plaintiff leave to amend the Complaint.

On March 28, 2012, Plaintiff filed her Amended Complaint alleging FDCPA violations. (Dkt. No. 16.) Plaintiff contends that the FDCPA applies in this context because she is a "consumer" who received a "communication" from a "debt collector" regarding a "debt," per the definitions set out in the statute. (See Am. Compl. 4-7); see 15 U.S.C. § 1692 et seq.

On May 4, 2012, Defendant moved to dismiss the Amended Complaint. (Dkt. No. 17.) On May 21, 2012, Plaintiff cross-moved for partial Summary Judgment, as to liability alone, with respect to the alleged FDCPA claims. (Dkt. No. 19.)

**DISCUSSION**

    **I.    Defendant's Motion to Dismiss**

        **a.  Legal Standard**

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to

relief." See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief") (citations and internal quotations omitted). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips, 515 F.3d at 231 (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) ("Twombly"). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). Iqbal, 556 U.S. at 679 (internal quotation marks omitted).

According to the Supreme Court in Twombly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his[or her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 545 (internal citations omitted). Furthermore, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. The Third Circuit summarized the Twombly pleading standard as follows: "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

3

### b. The "Least Sophisticated Debtor" Standard Under the FDCPA

The FDCPA, 15 U.S.C. § 1692, et seq., provides private causes of action to consumers who have suffered "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). Courts analyzing FDCPA claims apply a "least sophisticated debtor" standard which is lower than "simply examining whether particular language would deceive or mislead a reasonable debtor." Brown v. Card Serv. Ctr., 464 F.3d 450, 454 (3d Cir. 2006) (quoting Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000)) (internal quotation marks omitted). As the Third Circuit has articulated, this "lower standard comports with a basic purpose of the FDCPA . . . to protect 'all consumers, the gullible as well as the shrewd,' 'the trusting as well as the suspicious,' from abusive debt collection practices." Id. (internal citations omitted). However, a debtor cannot disregard responsibilities or adopt "bizarre or idiosyncratic interpretations of collection notices," as the standard "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." Wilson, 225 F.3d at 354-66 (internal quotations and citations omitted). "Importantly, whether the least sophisticated debtor would be misled by a particular communication is a question of law that may be resolved in a Rule 12(b)(6) motion." Smith v. Lyons, Doughty & Veldhuius, P.C., No. 07-5139, 2008 WL 2885887, at *3 (D.N.J. July 23, 2008).

### i. Alleged Violation Under § 1692g(a)(2)

Pursuant to 15 U.S.C. § 1692g(a)(2), "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing . . . (2) the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). Requiring creditor identification—along with the other requirements identified in § 1692g(a)— ensures that consumers are notified of their rights in a timely manner.

4

Wilson, 225 F.3d at 354 ("[T]he debt validation provisions of section § 1692g were included by Congress to guarantee that consumers would receive adequate notice of their rights under the law").

Plaintiff alleges that Defendant violated § 1692g(a)(2) in failing to strictly comply with the statutory requirement of identifying the creditor to whom the debt was owed in the NOI. (Am. Compl. ¶ 20.) Although the FDCPA does not contain language stating that it is a strict liability statute, courts often construe certain sections strictly without regard to the debt collector's intent. See e.g., Glover v. F.D.I.C., No. 11-3382, 2012 WL 3834666, at *7 (3d Cir. Sept. 5, 2012) (noting that 1692e(2)(A) should be strictly interpreted because "the language of this provision creates a straightforward, objective standard"); Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011) (noting that claims involving 1692f(1) which prohibits collection of amounts not authorized by law or agreement should be strictly construed). The parties have not identified—and the Court has not found—any case where a court strictly applied § 1692g(a)(2). Case law indicates that courts analyze § 1692g(a)(2) claims using the least sophisticated debtor standard. See e.g., Blarek v. Encore Receivable Mgmt., Inc., No. 06-0420, 2007 WL 984096, at *6 (E.D. Wis. Mar. 27, 2007) (stating that "although a statement on its face can violate § 1692g(a)(2), this does not mean that the court does not still apply the unsophisticated consumer standard in those situations").

Limited case law exists regarding violations of § 1692g(a)(2) for a debt collector's failure to identify the creditor's name in a communication with the consumer. Although not binding, case law from other federal courts demonstrate how this statutory section has been construed. See e.g., Sparkman v. Zwicker & Associates, P.C., 374 F. Supp. 2d 293, 301 (E.D.N.Y. 2005) (holding that defendant violated § 1692g(a)(2) where "[t]he least sophisticated [debtor] would

not deduce from reading the Collection Letter that the name of the creditor seeking collection is The Bureaus" despite the name appearing in the subject line); Schneider v. TSYS Total Debt Mgmt., Inc., No. 06-345, 2006 WL 1982499, at *1 (E.D. Wis. July 13, 2006) (denying defendant's motion to dismiss where plaintiff alleged that defendants' reference to the creditor as "Target" was inadequate where the creditor was "Target National Bank").

In this case, Plaintiff argues that the NOI was deficient because it failed to include the creditor's name. Nevertheless, in her July 23, 2010 Letter to Defendant, Plaintiff referred to "Saxon," clearly indicating that she was aware of the creditor's identity and merely disputed the amount owed. (See Am. Compl. Ex. B.) Nothing in Plaintiff's Amended Complaint or briefing suggests that she was confused or misled by the lack of creditor information in the NOI. Notwithstanding this analysis, the Court is bound to review the NOI from the standpoint of the least sophisticated debtor. At the motion to dismiss stage, this determination is based only on the pleadings. The NOI, on its face, fails to provide the creditor's name, as required under § 1692g(a)(2). Without having additional facts and evidence, the Court finds that the least sophisticated debtor may have been confused or misled when reading the NOI. Although the NOI provides unique identifying information regarding Plaintiff's loan, a least sophisticated debtor may not be so savvy as to glean the creditor name from only the loan number. At this juncture, the Court finds that Plaintiff has pled sufficient facts to defeat Defendant's Motion with respect to Plaintiff's § 1692g(a)(2) claim.

### ii. Alleged Violation Under § 1692e(5)

Pursuant to § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." To establish a claim under § 1692e(5), a plaintiff must demonstrate the debt collector "threat[ened] to take any action

that cannot legally be taken or that [was] not intended to be taken." § 1692e(5); see Brown v. Card Service Center, 464 F.3d 450, 455 (3d Cir. 2006) (holding that "it would be deceptive under the FDCPA for CSC to assert that it could take an action that it had no intention of taking and has never or very rarely taken before" and "[i]f Brown can prove, after discovery that CSC seldom litigated or referred debts such as Brown's and those of the putative class members to an attorney, a jury could conclude that the CSC Letter was deceptive or misleading vis-à-vis the least sophisticated debtor").

Plaintiff alleges that Defendant's deficient NOI amounted to a threat of foreclosure which Defendant could not legally take or did not intend to take.[1] (See Am. Compl. ¶ 21.) Plaintiff's argument fails to withstand Defendant's Motion for three key reasons. First, as Defendant correctly points out, pursuant to New Jersey's Fair Foreclosure Act, N.J.S.A. 2A:50-53 et seq. ("FFA"), a lender must issue an NOI at least thirty days in advance of seeking foreclosure. See N.J.S.A. 2A:50-56(a). Thus, in light of Plaintiff's default on her second mortgage, Defendant was required under New Jersey law to issue the NOI to Plaintiff.[2]

Secondly, Plaintiff does not sufficiently demonstrate that Defendant did not intend to commence foreclosure proceedings. Although the FFA requires lenders to issue the NOI at least thirty days in advance of seeking foreclosure, it does not necessitate immediate foreclosure at the end of the thirty-day period. See N.J.S.A. 2A:50-56(a). As Defendant maintains, assuming that Plaintiff remains in default, foreclosure proceedings may begin in the future.

Lastly, in support of her § 1692e(5) claim, Plaintiff contends that if Defendant intended to foreclose, Defendant would have included the creditor's name and address in the NOI in strict compliance with New Jersey's FFA. (See Am. Compl. ¶¶ 26-28); see N.J.S.A. 2A:50-56(c)(11).

---

[1] Plaintiff does not specifically address § 1692e(5) in her briefing and does not oppose Defendant's arguments. (See Pl.'s Opp. 10-12.)
[2] Notably, Plaintiff does not dispute that she was in default in her Amended Complaint or briefing.

7

However, as Defendant articulated, non-compliance with the FFA does not preclude the filing of a foreclosure action. See U.S. Bank. N.A. v. Guillaume, 209 N.J. 449, 475-76 (2012) (stating that where there is a non-complaint NOI, a trial court adjudicating the foreclosure may "dismiss the action without prejudice, order the service of a corrected notice, or impose another remedy appropriate to the circumstances of the case"). Based on Plaintiff's allegations, Defendant's NOI did not amount to an empty or unlawful threat under § 1692e(5). Additionally, in response to Defendant's Motion, Plaintiff does not provide any legal arguments against dismissal of this claim. Accordingly, this Court dismisses Plaintiff's claim under § 1692e(5).

### iii. Alleged Violation Under § 1692e(10)

Plaintiff alleges that Defendant violated § 1692e(10) which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." A letter is deceptive when it can reasonably be read to have two or more meanings, one of which is inaccurate or contradictory to another requirement. Wilson, 225 F.3d at 354. Although the Court must interpret the letter through the eyes of the "least sophisticated debtor," this standard does not relieve the debtor of the responsibility to read the validation notice with care. Id.

Plaintiff's Amended Complaint does not sufficiently include details required to demonstrate a claim under § 1692e(10). In this matter, the NOI is the sole communication at issue between the parties. Plaintiff does not allege that Defendant's NOI misrepresented information or deceived Plaintiff in connection with her debt. Although Plaintiff alleged that the NOI failed to identify the creditor and was non-compliant with the FFA, she does not indicate that Defendant used deceptive means to collect the debt. In fact, neither Plaintiff's Amended

8

Complaint nor her July 23, 2010 letter addresses Plaintiff's default on the debt.[3]  (See Def's Br. 17.)  Once again, Plaintiff does not provide any viable arguments against dismissal of this claim in her briefing.[4]  Accordingly, Plaintiff's claim under §1692e(10) is dismissed.

### iv. Alleged Violation Under § 1692f

Plaintiff alleges that Defendant violated 15 U.S.C. § 1692f which prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."  The statute provides a non-exhaustive list of examples that would constitute "unfair or unconscionable means" including, for instance: (1) collecting an amount not authorized by law; (2) misconduct regarding postdated checks; (3) causing undue costs to incur for communications; (4) taking or threatening to take non-judicial action regarding the property; (5) communicating with a debtor via post card; and (6) using any language or symbol, other than the debt collector's address, on an envelope when communicating with Plaintiff via mail.  See 15 U.S.C. § 1692f.

In this case, Plaintiff does not allege that Defendant engaged in any of the activities identified in the statute or otherwise unfair or unconscionable conduct.  Defendant correctly points out that the only allegation Plaintiff provided in support of a claim under § 1692f is Defendant's deficient NOI.  (Def.'s Br. 15-16.)  Plaintiff's Amended Complaint and briefing do not lend any support for this claim.  (See Am. Compl. ¶ 30; Pl.'s Opp. 10-12.)  In addition, Plaintiff fails to address Defendant's legal arguments in connection with the § 1692f claim.  The alleged deficient NOI alone—without further details demonstrating unconscionable conduct—is

---

[3] Plaintiff's July 23, 2010 letter to Defendant acknowledged receipt of the NOI, disputed the amount of debt, and requested a validation.  (See Am. Comp. Ex. B.)

[4] Plaintiff does not oppose any of Defendant's legal arguments in connection with the Motion to Dismiss.  (Pl.'s Opp. 12-13.)  With respect to her Cross-Motion, Plaintiff contends that Defendant's NOI is "deceptive and unfair" in failing to indicate the name and address of the lender because it deprived her of the opportunity to cure default and avoid foreclosure.  (Pl.'s Opp. 11.)  In essence, this argument is duplicative of Plaintiff's claim under § 1692g(a)(2) and does not lend any support to a showing of misrepresentation or deception that is required under § 1692e(10).

9

not sufficient to withstand Defendant's Motion regarding this claim. Accordingly, Plaintiff's § 1692f claim is dismissed.

### II. Plaintiff's Motion for Partial Summary Judgment

#### a. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." Id. at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving

party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (quoting Celotex Corp., 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." Black Car Assistance Corp. v. New Jersey, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

### i. 15 U.S.C. § 1692g(a)(2)

As previously discussed, this Court dismissed Plaintiff's FDCPA claims under 15 U.S.C. §§ 1692e(5), 1692e(10), and 1692f. For purposes of Plaintiff's Cross Motion, the sole remaining claim to address is Plaintiff's alleged violation pursuant to 15 U.S.C. § 1692g(a)(2).

Plaintiff asserts that Defendant's NOI "failed to indicate the name of the creditor to whom the debt is owed" as required by § 1692g(a)(2). (Pl.'s Opp Br. 9.) Plaintiff argues that partial Summary Judgment, with respect to liability alone, is warranted because Defendant did not "strictly comply" with § 1692g(a)(2) and is therefore in clear violation of this section. (Pl.'s Opp. 9-10.)

The Court finds Plaintiff's arguments unpersuasive. As previously discussed, while certain FDCPA sections are strictly construed, § 1692g(a)(2) requires an analysis under the least

11

sophisticated debtor standard. At this early stage of litigation, Plaintiff's Cross Motion is premature as only the pleadings are on the record. There are insufficient facts and evidence relating to the material facts in the case. Additionally, at the very least, there are factual issues to be proven regarding whether the least sophisticated debtor would have been confused or misled in reading the NOI. Accordingly, Plaintiff's Cross Motion is denied.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion is granted, in part, and denied in part. Plaintiff's Cross Motion is denied.

<u>s/Susan D. Wigenton, U.S.D.J.</u>

Cc:    Madeline Cox Arleo, U.S.M.J.